## FITZGERALD *v.* THE ADAMS EXPRESS COMPANY.

COMMON CARRIER.—MONEY PACKAGE.—A common carrier is not bound to receive money for transportation, unless it is properly secured and addressed; nor will his refusal to count the money, at the request of the consignor, create any presumption against him as to the amount contained in the package.

SAME.—Where a package of money, in a sealed envelope, is received by a common carrier for transportation, and a receipt is given, reciting that the package is "said to contain" a given amount, the recital is not *prima facie* evidence that the package did, in fact, contain the amount named.

APPEAL from the *Jefferson* Common Pleas.

RAY, J.— Complaint for a failure to deliver to the consignee of the plaintiff $100. The defendant is charged with having received the same as a common carrier. Answer, denial. Trial by jury, and finding for defendant.

Exceptions were taken to instructions of the judge before whom the cause was tried, and to the overruling of the motion for a new trial, and it is insisted that the finding of the jury is not supported by the evidence. The evidence introduced by the plaintiff was that he took to the office of the defendant, in the city of *Madison*, $1,182 15 in currency, and requested *Burke*, the agent of the defendant, to count it, saying, "here is a $1,000 bill," holding the same in his hand, "and you can count the rest." The agent replied, "no, we don't count money here." The money was placed in an envelope, the plaintiff could not recollect whether by himself or by *Burke*, and the envelope was

closed by wetting the gum upon it. The package was addressed by *Burke.* The envelope was introduced in evidence, with the wax seals and stamp of the company upon it. The plaintiff also introduced evidence to show that when the package was received in *New York City* by the consignees, it was by them opened at one end, and the money taken out and counted, and the package found to contain only $1,082 15.

The receipt given by the company contained these words: "Received of *Wm. A. Fitzgerald* one package, sealed, and said to contain eleven hundred and eighty-two and 15-100 dollars, addressed," &c.

The evidence introduced by the defendant was that of *Burke,* the agent, who stated that he declined to count the money because it was against the rules of the company. That the plaintiff placed the money in the envelope, and inclosed it by wetting the mucilage and closing down the envelope; that he, *Burke,* took the package, sealed up as it was with the gum, and directed it as *Mr. Fitzgerald* requested, and does not know what amount of money was in the package. *Burke* placed one wax seal upon the envelope before the plaintiff left the office, and had all the seals on before he had gone fifty steps away. The package was placed in the iron safe, which was locked, and the only key kept in the possession of the agent, and the money sent in the morning, sealed up in a bag with wax seals, and locked in an iron safe. The wax was impressed with the seal of the office at *Madison.* The packages sent from *Madison* were checked off in *Cincinnati,* and resealed in a bag, and placed in a safe, and sent to *New York* in care of an agent. One duplicate key was in *Cincinnati,* and one in *New York.* The agent who accompanied the package had no key to the safe in his charge. Upon cross-examination, the agent stated that he "had the chance to count the money, if he wished, but that they did not count money, as it would make the defendant liable."

The plaintiff requested the court to instruct the jury as follows:

"A written receipt, or bill of lading, given by the agent of the company, stating that the company had received from the plaintiff 'one package, sealed, and said to contain $1,182 15, addressed to *Andrews, Giles, Sanford & Co., 70 & 72 Franklin Street, New York,* to be forwarded,' is *prima facie* evidence that the plaintiff did deliver to the defendant such package, (containing said amount of money,) addressed as aforesaid; and if you believe from the evidence that said package was delivered to such agent of the defendant, at the time alleged, and was not sealed, but was open, and that the plaintiff requested said agent to count said money, and see that there was the sum of $1,182 15 therein, but that said agent then and there refused to count said money, but sealed up the package without counting it, such a state of facts may be considered by you as evidence tending to show that said amount of money was in the package, (and the burden would thereby be thrown on the defendant to show by a preponderance of evidence, and to your satisfaction, that said sum of money was not in said package when the same was delivered to said agent.)"

The court gave the instruction, except the portion included in brackets. The last part of the instruction was correctly refused, as it required the defendant to show to the *satisfaction* of the jury that the sum of money was not delivered to the agent. This would permit the plaintiff to recover upon *prima facie* evidence, unless the defendant could not only rebut a presumption, but establish his defense to the absolute satisfaction of the jury. The plaintiff is not entitled to the benefit of a doubt created by the evidence.

The court gave these instructions to the jury:

"1. If the jury find from the evidence, that the company delivered the package to the consignees intact, as received

by said company, the company is not liable further as a common carrier.

"2. The plaintiff charges that on the —— day of *October*, 1863, he delivered to the defendant, in the city of *Madison*, *Indiana*, a package of money, containing $1,182 15, which the defendant, as a common carrier, received and agreed to deliver to *Andrews*, *Giles*, *Sanford & Co.*, at 70 and 72 *Franklin* street, *New York*, and that defendant did not deliver said package as stipulated, containing $1,182 15, but only delivered $1,082 15. The defendant takes issue upon these averments, and, upon this issue, the burden of proof rests upon the plaintiff to show, by a preponderance of evidence, that he did deliver to the defendant a package of money containing $1,182 15, as charged in his complaint. If this fact is established to your satisfaction, the burden of proof is upon the defendant to show that the package containing $1,182 15 was delivered as stipulated.

"3. The receipt given by the agent of the defendant for the package of money when it was delivered has been offered in evidence, and there is a difference of opinion between the opposing counsel as to the construction to be given to that receipt. The counsel for the plaintiff insisting that the receipt is, *prima facie*, an admission that the defendant received from the plaintiff $1,182 15, and devolves upon defendant the burden of proof to show that that amount was not received. We think, gentlemen, that the receipt should be interpreted like any other contract between parties, and that the language used should be given its ordinary construction; and the language of the receipt does not, in our opinion, amount to an admission on the part of the defendant that the package contained $1,182 15.

"4. There is testimony tending to show that it is a rule of the *Adams Express Company* (the defendant) that the agents of the company shall not count money packages, but receipt for the package as sealed, and said to contain a specified sum.

"We think a company may organize as a common carrier, and establish such a rule, and it will then be optional with the public to patronize it, or not."

The plaintiff excepted to the giving of these charges.

It is insisted by the appellant that the use of the word "intact," in the charge set out second in order, was improper, as the primary meaning of the word is "untouched." If the jury so understood the word used, it would require the company to deliver the package "untouched," as it was received, to the consignees. We are at a loss to discover how so strict a rule, applied to the defendant, could injure the plaintiff on the trial. The objection, however, has no merit, as the jury had, doubtless, sufficient intelligence to arrive at the proper meaning of the word from the context.

The only questions presented by the instructions, then, are whether the court properly refused to instruct the jury that the words, "said to contain," in the receipt, were *prima facie* evidence of the amount actually inclosed in the package; and whether the refusal of the agent to count the money, when requested, threw the burden of the issue upon the defendant. The rule is well settled, that before any inference can be drawn from the passiveness or silence of a party, the circumstances must be such as not only afforded him an opportunity to act or speak, but such as would properly and naturally call for some action or reply. 1 Greenlf. Ev., § 197. Clearly, in this case, the agent did not intend to admit the amount stated by the plaintiff to be the correct sum, as he placed his refusal expressly upon the ground that his counting the money would, in his opinion, render the defendant liable. Was it then the duty of the agent to count the money, and thus furnish to the plaintiff an admission by the defendant's agent of the contents of the package about to be delivered to the company for transportation to *New York?* The money was to be conveyed in a sealed package. The package was received

sealed up, according to the testimony of the agent of the defendant. The company would only receive it when thus properly enveloped and secured. Declining to count the money, or receive it before properly secured, the agent receipted for the package, and, as the plaintiff well knew, with no other knowledge beyond his statement of the exact amount inclosed. It was not the duty of the company, as a common carrier, to receive money for transportation, unless the same was properly secured and addressed. How then can it be insisted, that before the package is in such condition that the company was bound, as a carrier, to receive it, the agent must inspect it, while in the possession of the shipper? In our opinion, the company was under no obligation to furnish to the plaintiff evidence of the contents of a package received under such circumstances. The agent gave a receipt for the package, with its marks, and sealed and impressed it with the office marks peculiar to the office at *Madison*. The evidence given in the receipt is sufficient to enable the plaintiff to identify the package, and that is all that can be required of the carrier. A receipt for the article is sufficient, and the plaintiff must be able to establish the value, and cannot require the carrier to furnish such evidence for him. A different rule would require the company to become not only a carrier, but an appraiser of the value of all articles about to be intrusted to them for transportation.

The carrier, then, being under no obligation to count the money, no presumption can be created against him by his refusal to do so at the request of the plaintiff.

Did the receipt, then, create such a presumption against the defendant? The recital in the receipt, if it had absolutely admitted the sum claimed to have been contained in the envelope, would only have been *prima facie* evidence of the amount, and could have been contradicted by parol evidence. 1 Greenlf. Ev., § 305. In the case under consideration, the evidence of the plaintiff, that the agent declared

that they did not count money there, and that the amount was stated in the receipt from the declarations of the plaintiff alone, would have prevented any such presumption arising from the instrument.

But the language of the receipt is not *prima facie* evidence of the amount of money contained in the package. "Received of *Wm. A. Fitzgerald* one package, *sealed*, and said to contain $1,182 15," cannot be held to be an admission that the agent knew the contents of the package, for the statement that he received it "sealed," rebuts any implication of knowledge on his part of the contents, and the words "said to contain $1,182 15," refer, therefore, clearly to the statement of the person who delivered the sealed package to the agent.

We regard the instructions given by the court as having placed the plaintiff's case before the jury in the most favorable light, and we cannot disturb the finding of the jury, rendered as it was, with the sealed envelope before them, with the impressions on the wax of the seal of the *Madison* office, and open only at the end, with the testimony of the plaintiff's witness that he had so opened it, and taken out the contents.

We are not clear that the finding of the jury is not in accordance with the weight of the evidence; we are satisfied that it is not without evidence to support it.

The judgment is affirmed, with costs.

*H. W. Harrington* and *C. A. Korbly*, for appellant.

*J. E. McDonald*, *A. L. Roache* and *D. Sheeks*, for appellee.