### CLARK et al. v. CLYDE S. S. CO.

(District Court, S. D. New York. September 22, 1906.)

SHIPPING—LIABILITY ON BILLS OF LADING—GOODS NOT ACTUALLY RECEIVED.
  A steamship carrier cannot be held liable for nondelivery of goods not actually received for shipment, although it issued bills of lading therefor upon receipts purporting to have been signed by its shipping clerks at the wharf, but which were in fact forged.

In Admiralty.

Benedict & Benedict, for libellants.
Robinson, Biddle & Ward, for respondent.

ADAMS, District Judge. This action was brought by the firm of Downing, Clark & Company to recover from the Clyde Steamship Company the value of 2 cases of dry goods. One was alleged to have been delivered to the respondent at New York on the 26th day of July, 1905, for transportation and delivery to John Winkler at Meridan, Mississippi. The other was said to have been delivered to the respondent at New York, on the 2nd day of August, 1905, for transportation and delivery to J. L. Moses, Jacksonville, Florida. The answer admits the issuance of bills of lading and that the goods were not delivered by the respondent, but claims that they were never received. It is averred that the bills of lading were issued upon receipts purporting to have been signed by the respondent's receiving clerks at its shipping wharf, when in fact the shipping receipts which were presented with the bills of lading by the libellants and upon which the bills of lading were procured, were forged.

The evidence makes it clear that the receipts were forged and not in any sense the receipts of the respondent, but the libellants urge that the evidence warrants the inference that the goods were actually de-

livered to the respondent, who in the absence of proper delivery on its part must remain responsible.

The basis of the action is the bills of lading and when it was shown that they were issued upon forged receipts, it was an end of the case unless the court should be satisfied that the goods were actually received by the respondent, which then failed to deliver them.

The libellants urge that the forgery might have been done by the truckmen who carried the goods before they went to the wharf or might have been done by some receiving clerk after the goods were received on the wharf. It does not in any way appear that the goods were ever delivered on the wharf, excepting from an inference to be derived from the testimony of the libellants' truckmen, who testified in a general way that they delivered everything there which they received for that purpose. Any weight which might be given to such testimony is overcome by the fact of no results having been obtained from a thorough investigation made by the steamship company in an attempt to trace the goods. Such fact is more persuasive of the nonreceipt of the goods than any inference from the testimony of the truckmen, which was very vague and unsatisfactory.

It is not necessary to determine what became of the goods. It is sufficient to conclude that the respondent company did not receive them. The fact of forged receipts having been presented for the purpose of obtaining the bills of lading, though no doubt innocently by the libellants, is more suggestive of the trouble having been with those employed by them, than with the employees of the respondent at its wharf, which the libellants contend for.

It is well settled that a carrier cannot be bound for goods not actually received for shipment even though the master of a vessel issues a bill of lading for them—Pollard v. Vinton, 105 U. S. 7, 26 L. Ed. 998.

The libel is dismissed.