ABRAHAM DWORKWITZ, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Railroads — contracts — construction and interpretation of instruments partly in writing and partly in print — bill of lading — when recital in bill not sufficient as admission of receipt of specific goods for shipment without other evidence.

1. While the rules are well settled that an ambiguity in an instrument must be resolved against the one who prepares it and that written portions of an instrument must under certain circumstances prevail over printed portions, these rules are only applicable to particular facts in response to the demands of justice or necessity. If an instrument as a whole reasonably and fairly bears a certain interpretation in which both written and printed portions may have their place, it is the duty of the court to adopt such an interpretation.

2. Where a bill of lading issued by defendant railroad company recited that the company had received consigned to plaintiff " The

property described in apparent good order except as noted (contents and condition of contents of packages unknown) * * * Description of articles * * * one case clo. (clothes)," the description of the package being in writing, the balance being part of a printed form, the written words describing the package and the printed words disclaiming knowledge by the defendant of the contents of the package must be read together, and so read the defendant admitted receipt of a package marked and described as containing certain articles, but expressly disclaimed knowledge of its actual contents. This amounted to an admission of receipt of a package identified by its outward marks or description but was no admission that it was receiving the specific articles for the value of which this action is brought, and hence a judgment for plaintiff cannot be sustained without evidence other than the bill of lading that defendant received the specific goods for which the judgment has been recovered.

*Dworkowitz* v. *New York Central R. R. Co.*, 187 App. Div. 906, reversed.

(Submitted November 18, 1920; decided December 31, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 30, 1919, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sherman A. Murphy* for appellant. There is no evidence in the case that the " knee pants " claimed to have been lost in transit were delivered to the defendant. (*Beck* v. *Catholic University,* 172 N. Y. 387; *Jerome* v. *Queen City Cycle Works,* 163 N. Y. 351; *Miller* v. *H. & S. J. R. R. Co.,* 90 N. Y. 430; *Clark* v. *Barnwell,* 12 How. [U. S.] 273; *Thyll* v. *N. Y. & L. B. R. R. Co.,* 84 N. Y. Supp. 175; *Mears* v. *N. Y., N. H. & H. R. R. Co.,* 56 L. R. A. 884; *Garrison Co.* v. *M. D. T. Co.,* 45 Misc. Rep. 421; *The Albers,* 18 Fed. Cas. No. 10,447 [3 Ben. 149]; *The Californian,* 4 Fed. Cas. No. 2,314 [2 Sawy. 12]; *Crunsten* v. *N. Y. C. R. R. Co.,* 179 App. Div. 465.)

*Frank C. Cooper* for respondent. The bill of lading is *prima facie* evidence of the original delivery to the defendant of the clothing in question (knee pants). (*Miller* v. *H. & S. J. R. R. Co.*, 90 N. Y. 429; *Bank of Batavia* v. *N. Y., etc., R. R. Co.*, 33 Hun, 589; *Flower* v. *Domes*, 12 Rob. [La.] 101; *Mussellani* v. *C., N. O. & T. R. R. Co.*, 104 S. W. Rep. 337; *Southern Express Co.* v. *Craft*, 49 Miss. 480; *Northern Transp. Co.* v. *McCleary*, 66 Ill. 233; *G. W. R. Co.* v. *McDonald*, 18 Ill. 172; *T. C. R. R. Co.* v. *Cobb*, 72 Ill. 154; *Backus* v. *Marengo*, 6 McL. 487; *Hill Mfg. Co.* v. *N. D. M. & C. R. R. Co.*, 78 South. Rep. 187.)

HISCOCK, Ch. J.  In this action the plaintiff has been allowed to recover a judgment against defendant because of its failure properly to carry and deliver goods alleged to have been received by it, from him at Schenectady, consigned to the I. S. Knee Pants Company, 35–7 West Third street, New York city. To speak somewhat paradoxically there seems to be an abundant lack of evidence necessary to establish plaintiff's claim and the judgment should not have been allowed.

As supplying evidence of the delivery by him to defendant for carriage of the goods for which recovery has been had, plaintiff goes back to and relies upon a bill of lading delivered by defendant to the Pants Company in New York city for a package consigned to plaintiff at Schenectady, and the question whether this bill of lading does contain such an admission of receipt of the goods here sued for as is necessary to establish plaintiff's case, is the important one before us. The facts involved in the action and disclosing the importance of this bill of lading may be briefly stated.

Plaintiff, at Schenectady, ordered of the Knee Pants Company at New York some goods supposed to be the same ones for which he has now recovered judgment against the defendant. Subsequently said company delivered to defendant at New York, consigned to plain-

tiff at Schenectady, a certain package. There is not a word of evidence outside of the bill of lading to show what was contained in that package. The bill of lading, in addition to other statements immaterial here, recited that defendant had received consigned to plaintiff " The property described in apparent good order except as noted (contents and condition of contents of packages unknown) * * * Description of articles * * * one case clo. (clothes)." The description of the package was in writing and the balance was part of a printed form. In due time this package arrived at Schenectady and the truckman accustomed to do his business took it from defendant's freight office to plaintiff's store. The plaintiff, without receiving the package and without opening or examining its contents, directed the truckman to take it back to defendant's office and reship it to the original consignor. It was thus taken back and delivered to some one whose identity is not made very certain, the plaintiff's address erased from the package and in place thereof placed an address to the " Kneehigh Pants Company " at New York, without other designation or street number. The original consignor, the I. S. Knee Pants Company, never having received return of the goods or pay therefor subsequently brought an action and recovered judgment against plaintiff for the alleged value of its consignment and subsequently plaintiff brought this action.

We have some doubts about the sufficiency of plaintiff's evidence before we reach the more important question to which reference has been made.

The recovery has been allowed for certain goods, presumably knee pants, of a fixed value. It cannot be sustained without evidence that defendant received the specific goods for which judgment has been recovered. Disregarding for the moment the clause in the bill of lading that the contents and condition of contents of the package originally delivered to defendant were unknown

and accepting the bill of lading as an unqualified admission that defendant had received " one case clo. (clothes)" it would not seem to me that this amounted to an admission that there had been received a certain number of knee pants of certain value and for which on non-delivery recovery could be had.

But if we disregard this question we then come to the remaining and decisive one whether the bill of lading issued by defendant in New York and upon which proof of plaintiff's case rests, as already explained, amounted to an admission of the receipt by defendant of any specified goods. We think that it is perfectly plain both on principle and authority that it did not.

While, of course, the rules are well settled that an ambiguity in an instrument must be resolved against the one who prepares it and that written portions of an instrument must under certain circumstances prevail over printed portions, those rules are only applicable to particular facts in response to the demands of justice or necessity. If an instrument as a whole reasonably and fairly bears a certain interpretation in which both written and printed portions may have their place, it is the duty of the court to adopt such an interpretation. In the present case it is just as much our duty to give effect to the printed words disclaiming knowledge, and, therefore, an admission of the contents of the package, as to the written words descriptive of the package unless there is such an inconsistency between the two statements as to require sacrifice of one to the other. We do not think there is any such inconsistency but rather that the two harmoniously combine in a basis for a perfectly reasonable interpretation of the entire instrument.

The defendant admitted receipt of a package marked and described as containing certain articles, but expressly disclaimed knowledge of its actual contents. This amounted to an admission of receipt of a package identified by its outward marks or description, but was no

admission of what it contained. It was equivalent to saying "We admit our receipt of a package said or appearing to contain certain articles, but we expressly refrain from admitting that this statement or appearance is accurate and that such articles are therein contained." It was no admission that it was receiving those specific articles for which recovery has been permitted.

This interpretation, reasonable on principle, is sustained in our opinion directly and indirectly by ample authority. (*Miller* v. *Hannibal & St. Jo. R. R. Co.*, 90 N. Y. 430; *Clark* v. *Barnwell*, 12 How. [U. S.] 272; *St. L., Iron Mt. & So. Ry. Co.* v. *Knight*, 122 U. S. 79, 85; *Fitzgerald* v. *Adams Exp. Co.*, 24 Ind. 447; *Matthiessen & Wiechers S. R. Co.* v. *Gusi*, 29 Fed. Rep. 794.)

The authorities cited in behalf of plaintiff's view of the bill of lading do not in our judgment sustain it. They may be separated into three general classes which are easily differentiated from the present one.

Some of them, notably that of *Bank of Batavia* v. *N. Y., Lake Erie & W. R. R. Co.* (106 N. Y. 195), present examples of estoppel where it was held that a railroad company issuing a bill of lading purporting to be for goods which actually were not delivered was estopped from claiming as against a third party who had advanced money on the faith of such bill of lading that it had received no goods and from making the remote claim that if the bill of lading had been issued on actual delivery of the package the package might not have contained the goods recited in the bill of lading. The difference between such a case and the present one, where a party to a shipment seeks to use a bill of lading as an admission of the contents of the package when the carrier has distinctly stated that it did not know what the contents were is so palpable as not to require long discussion.

The other classes of cases are those where either a bill of lading contained no words qualifying an admission

13

of receipt of goods or where there was evidence aside from the bill of lading of delivery of the goods claimed to have been lost.

The judgment should be reversed and a new trial granted, with costs to abide event.

Collin, Hogan, Cardozo, Pound, Crane and Andrews, JJ., concur.

Judgment reversed, etc.