HUGO JOSEPHY et al., Respondents, *v.* PANHANDLE AND SANTA FE RAILWAY, Appellant.

Carriers — bills of lading — when interstate railway states in its bill of lading of packages shipped by the railway that the " contents and condition of contents of packages are unknown " the carrier is not liable although the contents are not of the kind, quantity or in the condition which the shipper's marks would indicate — the act of Congress (Pomerene Act, effective January 5, 1917) relating to bills of lading issued by interstate carriers construed and applied.

1. Where a bill of lading of packages shipped over an interstate railway stated in so many words that 'the " contents and condition of contents of packages are unknown," such statement if true does not make liable the carrier issuing the bill of lading, although the goods are not of the kind or quantity or in the condition in which the marks or labels upon them indicate or of the kind or quantity or in

the condition they were said to be by the consignor. (Act of Congress commonly called the Pomerene Act, effective January 5, 1917, § 21.) This is so notwithstanding the bill of lading contained the words — " Description of articles and special marks — Dressed Poultry — weight, subject to correction, 20,000 Lbs." These words amount to nothing more than a statement of the description supplied by the consignor. They do not revoke or overrule the carrier's express disclaimer of knowledge of the contents; the carrier merely stated that the contents of the packages are unknown, but that the description is as stated. No inconsistency arises.

2. Although it is provided by section 22 of the Pomerene Act that " the carrier, which issues a bill of lading, shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transit or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, for damages caused by the non-receipt by the carrier of all or part of the goods or their failure to correspond with the description thereof in the bill at the time of its issue," such provision does not enlarge the remedy of a consignee who accepted and paid for packages, stated by the shipper to contain certain goods but instead contained other goods. Such is not the purpose of the provision; prior to the enactment of this statute the United States courts held that a carrier was not liable for the act of its agent in issuing a bill of lading for goods, where no goods had been shipped. The statute (§ 22) incorporates the contrary New York rule and changes the rule of the United States. It is to be read in subordination to and in harmony with section 21 of the statute.

*Josephy* v. *Panhandle & Santa Fe Railway*, 202 App. Div. 788, reversed.

(Argued March 9, 1923; decided March 20, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*A. S. H. Bristow* for appellant. The order of affirmance of the Appellate Division and the judgment entered thereon are erroneous for the reason that under the provisions of section 21 of the Pomerene Act, no liability rests upon defendant, appellant, it appearing that the

undisputed evidence shows that the carload shipment in question had been loaded by the shipper, that the bill of lading contained the statement " contents and condition of contents of packages unknown," that such statement was true and that the description of the shipment in the bill of lading is the description of the shipper and not of the carrier. (*Miller* v. *H. & St. J. R. R. Co.*, 90 N. Y. 430; *Dworkwitz* v. *N. Y. C. R. R. Co.*, 230 N. Y. 188.) The order of affirmance of the Appellate Division and the judgment entered thereon are erroneous for the reason that section 22 of the Pomerene Act must be read in connection with section 20 of the act, and no liability would be imposed on defendant, appellant, even if it should be assumed for argument's sake that the shipment was loaded by the defendant, appellant. (*Leigh Ellis & Co.* v. *Payne*, 274 Fed. Rep. 443.)

*Bern Budd* for respondents. The printed words " contents and condition of contents of packages unknown " appearing at the head of the bill of lading are of no effect when words of description are used; and the Federal Bills of Lading Act was passed for the purpose of meeting such judicial decisions as are to the contrary. (*Miller* v. *Hannibal & St. J. R. R. Co.*, 90 N. Y. 430; *Dworkwitz* v. *N. Y. C. R. R. Co.*, 230 N. Y. 188.)

POUND, J. The defendant, Panhandle and Santa Fe Railway, issued a bill of lading in which it acknowledged receipt of certain packages marked as containing dressed poultry, " the contents and condition of contents of packages unknown."

Relying on this bill of lading, plaintiffs paid a draft for $4,000 drawn by the shipper. Some of the packages instead of containing poultry were packed with rabbits and eggs. A verdict was directed in favor of the plaintiffs for $2,019.43, the amount of the damage claimed.

Section 21 of an act of Congress, effective January 5,

1917, entitled: "An Act relating to bills of lading in interstate and foreign commerce," commonly called the Pomerene Act, provides that where a bill of lading contains a statement that "the contents or the conditions of the contents of the packages are unknown, such statements, if true, shall not make liable the carrier issuing the bill of lading, although the goods are not of the kind or quantity or in the condition in which the marks or labels upon them indicate or of the kind or quantity or in the condition they were said to be by the consignor."

In this case the bill of lading states in so many words that the contents and condition of contents of packages are unknown. The effect of this recital is not overcome by the following words which are emphasized by counsel for the plaintiffs.

| " Description of Articles | | Weight |
| and Special Marks | } | (Subject to Correction) |
| Dressed Poultry | | 20,000 Lbs." |

These words amount to nothing more than a statement of the description supplied by the consignor. They do not revoke or overrule the defendant's express disclaimer of knowledge of the contents. (*Dworkwitz* v. *N. Y. C. R. R. Co.*, 230 N. Y. 188.) It is unnecessary for the carrier to insert in the bill the words: " shipper's weight, load and count," or other words of like import, when it plainly appears that contents are unknown to the carrier and that the words of description are the words of the consignor and are superfluous except for purposes of identification. (*Leigh Ellis & Co.* v. *Payne*, 274 Fed. Rep. 443; affd., on other grounds, 276 Fed. Rep. 400.) The carrier says that the contents of the packages are unknown, but that the description is as stated. No inconsistency arises. (*Miller* v. *Hannibal & St. Joseph R. R. Co.*, 90 N. Y. 430.)

Section 22 of the Pomerene Act reads as follows:

" If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of

whose actual or apparent authority includes the receiving of goods and issuing bills of lading therefor for transportation in commerce among the several States and with foreign nations, the carrier shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transit or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, for damages caused by the non-receipt by the carrier of all or part of the goods or their failure to correspond with the description thereof in the bill at the time of its issue."

Plaintiffs urge that this language enlarges their remedy against the carrier on the bill in suit. Such is not its purpose. Prior to the enactment of this statute the United States courts held that a carrier was not liable for the act of its agent in issuing a bill of lading for goods where no goods had been in fact received. (*Freidlander* v. *Texas & P. R. Co.*, 130 U. S. 416; *Missouri Pacific R. Co.* v. *McFadden*, 154 U. S. 155.) The statute (Section 22, *supra*) incorporates the contrary New York rule (*Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 195) and changes the rule of the United States courts. It is to be read in subordination to and in harmony with section 21, *supra*. The New York decisions and the Bills of Lading Act are in accord on this point.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., dissents.

Judgments reversed, etc.