## STROHMEYER & ARPE CO. v. AMERICAN LINE' S. S. CORPORATION et al.
### No. 327.

Circuit Court of Appeals, Second Circuit.
June 6, 1938.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and

Ezra G. Benedict Fox, all of New York City, of counsel), for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (John L. Galey and Norman M. Barron, both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant, a distributor of olive oil, filed this libel to recover damages for non-delivery of its shipments. It employed a trucking company to haul three shipments of olive oil to Pier 61, N.R., New York, for ocean transportation to Los Angeles, Cal., there to be delivered to a consignee.

The driver of the truck in each instance and a checker in the employ of the Atlantic Transport Co., by a scheme or plan diverted ten cases of the first shipment, 25 of the second and 50 of the third, and sold these to a third party in the manner herein described, and misappropriated the proceeds. On each occasion the truck driver drove to the pier where he delivered to the appellees' receiving clerk, 3 colored copies of the dock receipt (blue, pink and yellow) prepared by the appellant. A blue receipt was handed back to the driver and the other two were retained by the receiving clerk. Upon showing the blue receipt to the gateman, the driver was allowed to enter the dock. On each occasion he informed the gateman that all of the cases on the truck were to be delivered on the dock and the gateman made such entry in his book. After entering the dock, he was met by the appellees' checker whose duty it was to tally the shipment delivered and make a record of the quantities received from the shipper on the reverse side of the blue receipt which the driver had retained. Part of the shipment would then be unloaded, but the part to be misappropriated was allowed to remain on the driver's truck. The checker then filled out on the blue receipt that the full quantity of merchandise described therein had been delivered by the appellant. The checker then gave the driver passes so that he could drive off the dock with part of the shipment of olive oil on his truck. The driver would give the pass to the gateman and then surrender the blue dock receipt with the tally record to the receiving clerk. The clerk, after comparing the tally records with the quantities set forth on the face of the dock receipts which had been retained by him, signed a pink receipt and gave it to the driver. This pink slip, acknowledging the full shipment, was turned over by the driver to the appellant. Subsequently, appellant gave these pink receipts to the appellees and the latter issued bills of lading acknowledging receipt of each full shipment.

Appellant attempts to impose liability on the appellees, contending that all the merchandise described in the bills of lading was delivered into the custody of appellees, which as common carriers, became liable for the nondelivery of merchandise diverted by the dishonesty of their representative. But the misappropriated cases of olive oil were never taken off the truck and therefore no delivery was ever made to the appellees. The driver stated that he never delivered the missing cases and it is undisputed that they were misappropriated and sold in the manner described. They at all times remained in the custody of the truckman and since there was no delivery to the carrier there was no contract of carriage with respect to these cases. To charge the carrier with liability for the merchandise the cases must actually be delivered to it. The delivery must be complete so that the shipper would have full dominion over the cases. Mo. Pac. R. v. McFadden, 154 U.S. 155, 14 S.Ct. 990, 38 L.Ed. 944; Pollard v. Vinton, 105 U.S. 7, 26 L.Ed. 998; Crenshawe v. Pearce, D.C., 37 F. 432.

The bill of lading delivered has not the legal effect contended for by the appellant. It imports a receipt of goods to be transported and delivered at the place of destination, but it extends only to goods actually received or within the control of the carriers or their representatives. Parol evidence is admissible to show that only part of the shipment was received and the missing cases never received. Inland Waterways Corp. v. Standard Commercial Tobacco Co., 5 Cir., 65 F.2d 715. Such was the proof here. When the tallies were signed both the driver and the checker intended that possession of the cases should remain on the truck with the driver. The false tallies and receipts were no more effective than if they had been signed before the truck came to the pier and while the cases were in appellant's warehouse. The receipt is subject to the same explanation to which a false bill of lading acknowledging receipt of the goods might be subject. The truckman was not entitled to a receipt for the cases until they had left his custody

and were placed on the pier. Since the contract to carry never attached to the cases not delivered, there may be no recovery on the basis of non-delivery by appellees.

It is argued, however, that recovery may be had under § 22 of the Bill of Lading Act (49 U.S.C. § 102, 49 U.S.C.A. § 102). That act provides:

"*Liability for nonreceipt or misdescription of goods.* If a bill of lading has been issued by a carrier or.on his behalf by an agent or employee the scope of whose actual or apparent authority includes the receiving of goods and issuing bills of lading therefor for transportation in commerce among the several States and with foreign nations, the carrier shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transitu or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, or upon the shipment being made upon the date therein shown, for damages caused by the nonreceipt by the carrier of all or part of the goods upon or prior to the date therein shown, or their failure to correspond with the description thereof in the bill at the time of its issue. (As Amended Mar. 4, 1927, c. 510, § 6, 44 Stat. 1450.)"

Section 22 applies in instances where the goods have not been delivered to the carrier and the bill of lading represents that they had been so delivered and where one "in good faith, relying upon the description therein of the goods, or upon the shipment being made upon the date therein shown," has suffered damages caused by "nonreceipt by the carrier of all or part of the goods upon. or prior to the date therein shown." There is no proof in this record that the appellant has given value in good faith relying upon the description or number of cases specified in the bill of lading as required to be shown by this statute. The appellant was the shipper and it shipped under a straight bill of lading to its own agent at Los Angeles. The phrase of the statute "who has given value in good faith" clearly applies to both straight and order bills of lading. Congress did not mean to confine the expression "who has given value in good faith" to order bills of lading or to change the well settled rule that as against a shipper or anyone who has not advanced value on the faith of the bill of lading, the carrier is entitled to parol evidence to show that the goods were never received. This has long been the rule of the federal courts. Pollard v. Vinton, 105 U.S. 7, 26 L.Ed. 998; The Lady Franklin, 8 Wall. 325, 19 L.Ed. 455; Vanderbilt v. Ocean S. S. Co., 2 Cir., 215 F. 886; Clark v. Clyde S. S. Co., D.C., 148 F. 243; Planters' Fertilizer Mfg. Co. v. Elder, 5 Cir., 101 F. 1001.

The statute was intended to protect one who in reliance on the recitals of the bill of lading had acquired the same or the property represented thereby for value or who had otherwise altered his position to his detriment by reason thereof. Josephy v. P. & S. F. Ry., 235 N.Y. 306, 139 N.E. 277; Louisville & N. R. R. Co. v. Cullman Warehouse, 226 Ala. 493, 147 So. 421; Missouri Pac. R. Co. v. Askew Saddlery Co., 215 Mo.App. 277, 256 S.W. 566. Therefore, as between the consignor of goods and a receiving carrier, recitals in a bill of lading as to goods shipped raise only a rebuttable presumption that such goods were delivered for shipment. And as between the consignor and a receiving carrier, the facts may outweigh the recital. Where this situation exists, it would be unjust to compel the carrier to pay for cases not received.

By this libel there may not be a recovery for the unfaithfulness of appellees' checker at the pier. Whatever liability there may be for tort, there cannot be any in this suit in admiralty against the appellee. It was under no duty to protect the shipper against depredations of truckmen employed by appellant in respect to cases never delivered to it and we need not consider if an actionable tort was committed by the checker for the admiralty court has no jurisdiction, since its occurrence was on land. Atlantic Transport Co. v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.,N.S., 1157; The Plymouth, 3 Wall. 20, 18 L.Ed. 125; Louis-Dreyfus v. Paterson S. S. Co., 2 Cir., 43 F.2d 824, 72 A.L.R. 242.

Decree affirmed.