MARTIN JESSEE MOTORS, Inc. v. READING CO.

Civ. A. No. 9355.

United States District Court
E. D. Pennsylvania.

Dec. 8, 1949.

Louis Levitt, Philadelphia, Pa., J. E. Marks, Lexington, Ky., for the plaintiff.

W. Wilson ᵀhite, T. R. White (of White, Williams & Scott), Philadelphia, Pa., for the defendant.

FOLLMER, District Judge.

This is a civil action brought against the defendant railroad by the consignee named in a bill of lading (covering an interstate shipment) issued by the defendant on February 19, 1948, for the recovery of the purchase price of ten tractors. The gist of the complaint is that plaintiff had paid to its seller the purchase price of the tractors in reliance upon a bill of lading issued by the defendant, although in fact no tractors were ever delivered to defendant because of a fraudulent devise employed by the seller. The defendant never received the tractors for shipment and the suit is based in its entirety upon Section 22 of the Federal Bill of Lading Act.[1]

Both plaintiff and defendant have moved for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

All of the relevant facts were stipulated and submitted to the Court in an agreed statement and are substantially as follows:

### Findings of Fact

1. Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Kentucky, and has its principal place of business at 328 East Vine Street, Lexington, Kentucky.

2. Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, and has its principal place of business at Reading Terminal, Philadelphia, Pennsylvania.

3. On or prior to February 16, 1948, plaintiff ordered from Haney Corporation, of Philadelphia, Pennsylvania, ten Haney Bull Terrier Tractors at a total cost of $5,215 f.o.b. Philadelphia, Pennsylvania, and paid to Haney Corporation a cash deposit of 25% of the purchase price, or $1,303.75. On February 19, 1948, Haney Corporation issued its invoice to plaintiff, billing plaintiff for ten tractors less credit for the deposit aforesaid.

4. Under the terms of plaintiff's order for ten tractors, payment of the balance of the purchase price, amounting to $3,911.25, was to be paid on sight draft drawn by Haney Corporation on plaintiff with bill of lading covering the shipment of ten tractors attached thereto. The defendant had no knowledge of the terms of the agreement between Haney Corporation and the plaintiff or of any arrangement where-

1. 49 U.S.C.A. § 102.

by a draft was to be forwarded by Haney Corporation to plaintiff either with a bill of lading or otherwise.

5. On or about February 16, 1948, the Haney Corporation of Philadelphia, a manufacturer of farm implements, requested of defendant that a boxcar be placed upon the private siding of Haney Corporation serving its warehouse at 2409 S. Water Street, Philadelphia, for loading by said Haney Corporation as shipper. Pursuant to said request defendant on February 19, 1948, placed boxcar C & O 3247 on said private siding and notified Haney Corporation that the car was available for loading. Haney Corporation thereupon typed and delivered to defendant a bill of lading upon a uniform nonnegotiable straight bill of lading blank prescribed by the Interstate Commerce Commission, together with two carbon copies, one of which was designated as the Shipping Order and one as the Memorandum or filing copy.

6. The agent of Haney Corporation represented to defendant that the shipment described in said bill of lading was in the process of being loaded in car C & O 3247, and that the loading would be completed on February 19, 1948, and requested defendant to issue to Haney Corporation the original of said bill of lading, to enable Haney Corporation as the shipper named in the bill to forward the car that night. Defendant's agent thereupon stamped the original and each copy of said bill of lading with the notation "Loaded and Counted by Shipper." This notation, however, was only partially legible on the original bill of lading. Said bill of lading was thereupon signed in said form by defendant's agent, W. R. Hazelton, and issued to the agent of Haney Corporation.

The bill of lading attached to the complaint as Exhibit No. 2 is not in the form in which it was issued by defendant, but was altered and enlarged by Haney Corporation after issue and without the participation, knowledge or consent of defendant, in the following respects:

(a) There was added to the body of the bill in typewriting the words "IMPOR-TANT Deliver only upon receipt of the original bill of lading properly indorsed."

(b) There was added to the reverse of the bill in handwriting a purported endorsement in blank by the shipper.

(c) There was added to the body of the bill in typewriting the number "9390" under the heading "Agent's No." on the face of the bill to correspond with a fictitious "way-bill number" communicated by Haney Corporation to plaintiff prior to the issuance of the bill.

7. In purported compliance with the agreement recited in paragraph 4 hereof, Haney Corporation on February 19, 1948, drew a sight draft on plaintiff and attached thereto the altered bill of lading annexed to the complaint and therein identified as "Exhibit No. 2," and deposited said draft in its bank at Philadelphia for collection.

8. On or about February 24, 1948, plaintiff was notified by Citizens Bank and Trust Company of Lexington, Kentucky, that they had received for collection a sight draft against plaintiff for $3,911.25 in favor of Haney Corporation.

9. On February 25, 1948, plaintiff's president inspected at the office of the Citizens Bank and Trust Company of Lexington, Kentucky, the sight draft above referred to and bill of lading annexed, and after said inspection paid to the bank the sum of $3,911.25 in full payment of the draft. The net proceeds of the draft were thereafter remitted by the bank to Haney Corporation and appropriated by it.

10. Upon payment of said draft plaintiff received from Citizens Bank and Trust Company the bill of lading aforesaid.

11. No tractors were ever delivered by Haney Corporation to defendant for shipment to plaintiff.

12. Plaintiff has been unable to recover any portion of the purchase price of said ten Haney Bull Terrier Tractors from Haney Corporation and said corporation is now in bankruptcy in this Court in a proceeding entitled "In the Matter of Haney Corporation, Bankrupt, No. 22,846."

## Discussion

The sole question for decision here is whether Section 22, as amended, of the Federal Bill of Lading Act makes the carrier liable to the consignee for its act in issuing a straight bill of lading purporting to cover a shipment of ten tractors when in fact no tractors had then been or ever were delivered to the carrier. Section 22, as amended, of the Bill of Lading Act, 49 U.S.C.A. § 102, reads as follows: "Liability for nonreceipt or misdescription of goods. If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the receiving of goods and issuing bills of lading therefor for transportation in commerce among the several States and with foreign nations, the carrier shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transitu or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, or upon the shipment being made upon the date therein shown, for damages caused by the nonreceipt by the carrier of all or part of the goods upon or prior to the date therein shown, or their failure to correspond with the description thereof in the bill at the time of its issue."

Section 29, 49 U.S.C.A. § 109, provides: "* * * A straight bill can not be negotiated free from existing equities, and the indorsement of such a bill gives the transferee no additional right."

It appears from the agreed statement of facts that the order for the ten tractors was placed with Haney Corporation by plaintiff on or before February 16, 1948, at a total cost of $5,215.00 f.o.b. Philadelphia, and that plaintiff paid to Haney a cash deposit of 25% of the purchase price or $1,303.75, before there was any transaction with defendant.

Clearly, on the facts as stated, plaintiff is not entitled to judgment for the cash deposit of $1,303.75.

As to the balance of the claim, I am of the opinion that the question is a narrow one and may be simply stated as follows: Has the plaintiff here brought itself within the scope of those who may recover on straight bills of lading?[2]

Plaintiff contends that the facts as agreed upon establish its claim by bringing it within the purview of paragraph (a) of Section 22, as amended, of the Bill of Lading Act. It then sets forth, inter alia, certain requirements of the statute as (a) issuance of bill of lading by carrier's authorized agent; (b) ownership by plaintiff of goods covered by bill of lading. Without the existence of both of these essential prerequisites the plaintiff's case must fail.

Defendant does not deny either the issuance of the bill of lading nor the authority of its agent to sign the same.

I feel however, that the second prerequisite has not been met. The plaintiff strenuously contends that it was the owner of the tractors described in the bill of lading. Defendant, on the other hand, contends that the original agreement between plaintiff and the Haney Corporation was an order for ten tractors which were unascertained at the time of the order and that therefore the contract was merely executory.[3]

2. I am not unmindful that the court in Chesapeake & O. R. Co. v. State Nat. Bank of Maysville, 280 Ky. 444, 133 S.W.2d 511, 130 A.L.R. 1306, held that in view of the rule existing when the Federal Bill of Lading Act was passed, the situation is exactly the same as if the act had declared in express terms that as to straight bills issued on goods not received no liability could be imposed on the carrier and that therefore the status of straight bills was not changed by Section 22. Furthermore, that the court in Strohmeyer & Arpe Co. v. American Line S. S. Corp. et al., 2 Cir., 97 F.2d 360, 362, held that the phrase "who has given value in good faith" applies to both straight and order bills of lading. In view of my findings, I have not deemed it necessary to consider the impact of either case on the decision of this case.

3. Cohen v. LaFrance Workshop, Inc., 112 Pa.Super. 309, 171 A. 90; Frank Pure Food Co. v. Dodson, 281 Pa. 125, 126 A. 243; Pennsylvania Sales Act, Sec. 19, Rule 4, 69 P.S. § 143, rule 4.

While it is true the bill of lading merely refers to ten Haney Bull Terrier Tractors, Haney Corporation, the shipper, did on February 19, 1948, the same date as that carried on the bill of lading, issue to plaintiff an invoice in which the ten tractors were identified both as to tractor number and engine number. However, of far greater significance to my mind is the fact, clearly apparent from the agreed statement of facts, that the parties intended that the goods ordered should be appropriated to the contract by the delivery of ten tractors to the common carrier at Philadelphia, Pennsylvania, by Haney Corporation. This conclusion is inescapable because of the terms of the contract under which plaintiff was to pay the balance of purchase price upon receipt of a draft with bill of lading covering ten tractors attached. From the agreed statement of facts it is apparent that the law of Pennsylvania applies as to the interpretation of the contract, and the law in Pennsylvania is well established that where the contract of sale requires the seller to deliver the goods in a certain manner, title to the goods does not pass to the buyer even though the goods have been appropriated and set aside if they have not been delivered in the manner specified.[4] Under the circumstances I am of the opinion that no title ever passed to the plaintiff.

## Conclusions of Law.

1. The down payment of $1,303.75 having been made before any transaction was had with the defendant, plaintiff is not entitled to judgment in that amount.

2. Title to the goods never passed to the plaintiff.

3. Plaintiff's motion for summary judgment is denied.

4. Defendant's motion for summary judgment is granted.

4. Strong, Deemer & Co., Limited v. F. C. Dinniny and H. A. Kent, 175 Pa. 586, 34 A. 919; Cohen v. LaFrance Workshop,

Inc., supra; Enterprise Wall Paper Co. v. Rantoul Co., 260 Pa. 540, 103 A. 923.