## DETROIT & T. S. L. R. CO. v. UNITED STATES.

### Civ. No. 6653.

United States District Court
N. D. Ohio, W. D.
June 17, 1952.

Williams and Eversman, Toledo, Ohio, for plaintiff.

John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, Gerald P. Openlander, Asst. U. S. Atty., Toledo, Ohio, for defendant.

KLOEB, District Judge.

Plaintiff, a common carrier, contracted to ship forty (40) boxes of automotive parts from the Palmer Woods Ordnance Depot, Detroit, Michigan, to Morganfield, Kentucky, in April of 1945. As was customary at that time, and under existing conditions, the shipment was loaded at the depot by the military personnel and the car was sealed by them after loading. The car was then moved to plaintiff's outbound freight house and arrived there with the seal intact. The shipment was then checked by employees of plaintiff and was found to be two (2) boxes, or about seventy-two (72) pounds, short. The depot was notified by telephone of the shortage and the shipment was then completed to Morganfield, Kentucky under a straight bill of lading that had been issued by plaintiff by a bill of lading clerk in the employ of plaintiff without checking the contents of the car.

After arrival of the shipment at Morganfield, Kentucky the Army Finance Officer deducted $563.80, which was the value of the two missing boxes, from the bill of the Illinois Central Railroad Company, which was the destination carrier, and plaintiff, in turn, paid the same amount to the Illinois Central Railroad. Plaintiff brings this action to recover the sum of $563.80 from the defendant.

At the trial of the case, defendant relied upon Section 102 of Title 49 United States Code Annotated, which reads as follows:

"Liability for nonreceipt or misdescription of goods

"If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the receiving of goods and issuing bills of lading therefor for transportation in commerce among the several States and with foreign nations, the carrier shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transitu or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, or upon the shipment being made upon the date therein shown, for damages caused by the nonreceipt by the carrier of all or part of the goods upon or prior to the date therein shown, or their failure to correspond with the description thereof in the bill at the time of its issue."

The question of the holder of an order bill who has given value in good faith is not involved in this case.

The defendant was of the opinion that parol evidence was not admissible to show that plaintiff did not in fact receive the two boxes in question because the straight bill of lading issued by plaintiff acknowledged receipt of the two boxes.

The Court relied upon the case of Strohmeyer & Arpe Co. v. American Line S. S. Corp., 2 Cir., 1938, 97 F.2d 360, and admitted parol evidence on the issue of whether the plaintiff did or did not in fact receive the boxes in question.

Ray Ronson, the bill of lading clerk, testified that the car was loaded and sealed by the army personnel at the army depot and that it was his duty to sign the bill of lading without checking the contents of the car; that he did not in fact check the contents of the car.

Thomas Stundon, who was a claim checker at plaintiff's outbound warehouse, testified that it was his duty to take the seals off the car and make a tally; that he did make a record of the seal numbers and

184

that, after the seal had been broken, he entered the car and checked its contents and found a shortage of two boxes; that he so reported to his foreman.

John Leen, plaintiff's assistant warehouse foreman, testified that the shortage in question was reported to him and that "We called them" and there was "no reply"; that the notation on the back of plaintiff's Exhibit 4, reading as follows: "We called them, no reply 5/5/45" was "put there by me" and that this was done to indicate that a call had been made to the depot to notify them of the shortage, and that the words "no reply" mean that "They did not call us back"; on cross-examination he testified that a Mr. Mossman, now dead, called the Palmer Woods Ordnance Depot and that he, Leen, may not have been there when Mossman called, but that the notation on the back of Exhibit 4 is in his (Leen's) own handwriting.

Because of the great length of time that has elapsed since the shipment was made in April of 1945, and because of the fact that the army has since been disbanded following the close of the war and hence the assembly of proof to substantiate the defendant's position is rendered difficult to obtain, the Court was of the opinion that something more than preponderance of the evidence should be required of plaintiff in its attempt to show by parol evidence that it did not in fact receive the two boxes in question. The Court was then, and is now, of the opinion that something akin to clear and concise proof should be required of the plaintiff.

The Court believes that, measured by this requirement of proof, plaintiff has established that the boxes were not in fact received. Exhibit 4 is written corroboration of the testimony of the witness Leen offered by plaintiff.

Judgment may, therefore, be entered in favor of plaintiff and against defendant as prayed for in the complaint.

In view of this detailed opinion of the Court, Findings of Fact and Conclusions of Law may be dispensed with.

An order may be drawn accordingly.