**PACIFIC MICRONESIAN LINE, INC.,**
Appellant,

v.

**NEW ZEALAND INSURANCE COM-
PANY, Ltd., Appellee.**

**No. 21946.**

United States Court of Appeals
Ninth Circuit.

June 21, 1968.

Walter Ferenz (argued), of Barrett, Ferenz, Trapp & Gayle, Oakland, Cal., and Agana, Guam, for appellant.

E. R. Crain, of Crain & Benson, Agana, Guam, for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

This case is before us for the second time. The facts are set out in full in our earlier opinion of August 31, 1966, reported at 366 F.2d 333. Briefly, the action concerns a quantity of rice which was listed on a bill of lading by the defendant-appellant, Pacific Micronesian Line, Inc., but was not delivered to the Truk Trading Company as specified. The plaintiff-appellee, New Zealand Insurance Company, Ltd., brought suit as Truk's insurer and subrogee against appellant, on the basis of the latter's failure to deliver. In our previous decision we held that 49 U.S.C. § 102 [1] and Guam Civ.Code § 2128g [2] were applicable to the controversy, and we stated,

---

1. "§ 102. Liability for nonreceipt or misdescription of goods.

"If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the receiving of goods and issuing bills of lading therefor for transportation in commerce among the several States and with foreign nations, the carrier shall be liable to (a) the owner of goods covered by a straight bill subject to existing right of stoppage in transitu or (b) the holder of an order bill, who has given value in good faith, relying upon the description therein of the goods, or upon the shipment being made upon the date therein shown, for damages caused by the nonreceipt by the carrier of all or part of the goods upon or prior to the date therein shown, or their failure to correspond with the description thereof in the bill at the time of its issue."

2. "§ 2128g. Liability for nonreceipt or misdescription of goods.

"If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the issuing of bills of lading, the carrier shall be liable to—

"(a) The consignee named in a nonnegotiable bill; or

"(b) The holder of a negotiable bill;

"Who has given value in good faith relying upon the description therein of the goods, for damages caused by the nonreceipt by the carrier or a connecting carrier of all or part of the goods, or their failure to correspond with the description thereof in the bill at the time of its issue. * * *"

"The effect of these two statutory provisions is the same: In certain limited circumstances they permit a carrier to avoid liability for failing to deliver goods, or for delivering goods which do not meet the description of the carrier's bill of lading, by showing that the carrier never received the goods which are listed on the bill of lading. The circumstances in which the defense of non-receipt by the carrier is available to the carrier are limited to those where the consignee or holder of the bill of lading has not relied on the description in the bill of lading or has not paid value for the goods relying on the description in the bill of lading." 366 F.2d at 336.

We cited cases to show that 49 U.S.C. § 102

"was intended to protect one who in reliance on the recitals of the bill of lading had acquired the same or the property represented thereby for value or who had otherwise altered his position to his detriment by reason thereof." Strohmeyer & Arpe Co. v. American Line S. S. Corp., 97 F.2d 360, 362 (2d Cir. 1938).

We then reversed the judgment of recovery which had been rendered by the District Court of Guam, and remanded for further proceedings and for a determination as to whether the Truk Trading Company had paid for the rice that was not delivered or had otherwise parted with value in reliance on appellant's bill of lading and to its detriment.

Appellant now urges that the district court again erred in rendering judgment for the appellee "when the only new evidence established payment *after* knowledge of the loss."

Appellant concedes that Truk in fact paid for the missing rice and was reimbursed for the expenditure by the appellee under the insurance contract in effect between the two parties. And the testimony of Truk business manager

Henry T. Chatroop, taken on the second trial, is unequivocal that he would not have paid for the shipment had it not been for the bill of lading issued by the appellant. Record, vol. 3, at 16, 22–23. It is true that before payment was made to the consignor Truk knew of the shortage. But in view of all the circumstances, with Truk buying FOB Guam, dealing on an open account basis with the consignor in Guam, and having all losses in connection with that account insured by the appellee, we conclude that Truk's reliance on the bill of lading was justified and that it makes applicable the statutes referred to above. Appellant's liability is consequently established.[3]

The judgment rendered below is affirmed.

3. It is apparently agreed that Truk received credit on its open account with the consignor for 325 bags of rice which con-

cededly were never received by appellant, and that recovery herein does not include the value of those bags.